IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIE O'CONNELL & ALBERT KLESCHIK, SR., h/w | : : : | CIVIL ACTION |
| v. | : : | |
| MARSHALLS, INC. & THE TJX COMPANIES, INC. | : : | NO. 17-2438 |

# MEMORANDUM AND ORDER

In this action, Plaintiffs Valerie O'Connell and Albert Kleschick, Sr., wife and husband ("Plaintiffs"), seek damages from Marshall's, Inc., and the TJX Companies, Inc. ("Defendants"), for damages allegedly sustained when Ms. O'Connell slipped and fell in a Marshall's store. Presently before the court is Defendants' motion for reconsideration of my Order denying Defendants' motion for summary judgment (Doc. 32), to which Plaintiffs filed a response (Doc. 33) and Defendants filed a reply (Doc. 35). For the reasons that follow, the reconsideration motion will be denied.

## I. LEGAL STANDARD

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs, Inc. v. Dentsply Int'l. Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985))). A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability

of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (internal quotation omitted)). "[M]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Taksir v. Vanguard Group, Inc., Civ. No. 16-5713, 2017 WL 3443497, at *2 (E.D. Pa. Aug. 9, 2017) (Rufe, J.) (quoting Calhoun v. Mann, Civ. No. 08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (citation and internal quotation marks omitted, alteration in original)).

## II. **DISCUSSION**

The facts and procedural history are set forth in detail in the summary judgment opinion. In summary, Plaintiffs filed a voluntary petition for bankruptcy under Chapter 13 on November 12, 2015. Plaintiffs allege that more than six months later, on May 30, 2016, Plaintiff Valerie O'Connell was injured in a slip and fall at Defendants' store. Doc. 1. Plaintiffs commenced this action in the Philadelphia Court of Common Pleas on May 12, 2017, and Defendants timely removed it to this court on May 30, 2017. Id. On June 16, 2017, Defendants filed their Answer. Doc. 4.

Plaintiffs did not inform the bankruptcy court of their claims against Defendants prior to initiating this lawsuit, nor did they do so in an Amended Schedule B filed in the bankruptcy court on July 20, 2017. Doc. 17-6 (Exh. E). On August 18, 2017, Defendants filed two related motions arising from Plaintiff's failure to disclose the lawsuit to the bankruptcy court -- first, a motion for leave to amend the Answer to assert

the affirmative defenses of standing and judicial estoppel, and second, a motion for summary judgment based on the same affirmative defenses. Docs. 17 & 18. On August 25, 2017, Plaintiffs filed a second Amended Schedule B with the bankruptcy court, for the first time disclosing the present lawsuit. See second Amended Schedule B, Doc. 19 Exh. 2.

By Memorandum and Order dated October 11, 2017, the court granted Defendants' motion to amend the Answer, and denied the motion for summary judgment. Docs. 29 & 30. After a review of case law addressing the issue of standing in the context of a Chapter 13 bankruptcy petition, the court stated, "[t]he unmistakable conclusion of these and many other cases is that a debtor's failure to disclose a pending civil action to the Bankruptcy Court deprives that debtor of standing to bring the civil action -- and, logically, that a debtor will have standing if the civil action is disclosed." Doc. 29 at 12-13. Thus, the ruling was based principally on the fact that Plaintiffs disclosed, albeit belatedly, the lawsuit to the bankruptcy court.

In the present motion for reconsideration, Defendants assert that the court made a clear error of law when it denied summary judgment on the basis of standing, arguing that standing is determined at the time a lawsuit is commenced. Doc. 32 at 3-5; Doc. 35 at 2-6. Defendants also argue, for the first time, that the court lacks jurisdiction because Plaintiffs' lawsuit was void ab initio by operation of the automatic stay in the bankruptcy court. Doc. 32 at 6-7; Doc. 35 at 7-9. Plaintiffs counter that the court did not commit an error of law on the question of standing, and that Defendant's void ab initio argument is waived and baseless. Doc. 33 at 5-10.

A.     **Standing**

Standing is "the threshold question in every federal case," Warth v. Seldin, 422 U.S. 490, 498 (1975), and "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Newman Green, Inc. v. Alfonzo Larrain, 490 U.S. 826, 830 (1989) (lower court erred in denying summary judgment for lack of standing where party did not have sufficient injury). Because this lawsuit constituted an asset of the bankruptcy estate which Plaintiffs failed to the disclose to the bankruptcy court at the time they initiated suit, Defendants argue that Plaintiffs lacked standing to bring this action, and that the court clearly erred in concluding that Plaintiffs acquired standing when they subsequently disclosed the lawsuit to the bankruptcy court. I disagree for several reasons.

First, Defendants do not cite a single case in support of the proposition that a plaintiff who is a debtor in a previously-initiated Chapter 13 bankruptcy proceeding lacks standing to bring a civil lawsuit for damages without first disclosing the damages claim to the bankruptcy court, nor has research disclosed one. In the absence of any on-point case, it cannot be said the court made a clear error of law.

Second, consistent with the court's summary judgment opinion, the conclusion that Plaintiffs acquired standing when they disclosed this lawsuit to the bankruptcy court is supported by relevant case law. For example, in Nelson v. A-C Product Liability Trust, the court noted that Plaintiff erred in failing to disclose his administratively dismissed asbestos claims at the time he filed his Chapter 13 bankruptcy petition because "these claims are nonetheless part of the bankruptcy estate as they were not only

4

potential claims, but were realized claims technically held in abeyance by the Court, and thus needed to be disclosed." Civil Action No. 11-30555, 2015 U.S. Dist. LEXIS 148365, at * 19 (E.D. Pa. Oct. 26, 2015). However, the court explained that "[b]ecause the bankruptcy was filed pursuant to Chapter 13 (rather than Chapter 7), it is the plaintiff (and not the trustee) who is the real party in interest for such claims," and thus the debtor "is properly named as the plaintiff in the present action and has standing to pursue the asbestos claims." Id. at *19-20. In other words, although the plaintiff in Nelson failed to disclose his asbestos-related personal injury claim to the bankruptcy court in connection with his Chapter 13 proceeding, he nevertheless had standing for purposes of the personal injury suit for damages. Likewise, in Thomas v. Indiana Oxygen Co., Inc., plaintiff in an employment discrimination case, who had previously filed a Chapter 13 petition, neglected for a month and a half to disclose the civil lawsuit to the bankruptcy court. 32 F. Supp.3d 983, 987 (S.D. Ind. July 15, 2014). The district court held that once the plaintiff disclosed the discrimination case to the bankruptcy court and sought special counsel, "he fulfilled his duty to inform the Bankruptcy Court and his creditors of his employment discrimination claims." Id. at 987-88. The court further explained that it rejected the plaintiff's argument that he "always" had standing to pursue his discrimination claims, concluding that "[h]e acquired standing to pursue the claims on behalf of the bankruptcy estate when he disclosed the claims in the bankruptcy proceeding." Id. at 988 n.4; cf. In re Henneghan, Adversary No. 05-1220, 2005 WL 2267185, at *7 (E.D. Va. June 22, 2005) ("[W]hile the debtor did not have standing to bring suit [for damages arising from alleged violation of automatic stay] at the time the

5

action was commenced . . . he acquired standing once the case converted to [C]hapter 13.")

Defendants argue that reliance on these cases is misplaced. Specifically, Defendants argue that Nelson, which arose in the context of this district's multi-district asbestos litigation, is unreported and non-precedential, that Thomas is distinguishable insofar as the debtor obtained bankruptcy court-appointed special counsel to litigate the previously undisclosed claim on behalf of the bankruptcy estate, and that it would be improper to consider the language in Henneghan because it constitutes "dicta from [an] unreported and non-binding case." Doc. 35 at 4. While it is true that these cases are neither on all fours nor binding, Defendants' argument is ironic insofar as they do not rely on a single case involving a debtor-plaintiff. In any event, these cases provide persuasive support for the conclusion that Plaintiffs acquired standing when they disclosed the present lawsuit to the bankruptcy court, and they are consistent with previously cited decisions on the issue of a Chapter 13 debtor's standing to bring a civil action. See, e.g, Robertson v. Flowers Baking Co. of Lynchburg, LLC, Civ. No. 11-0013, 2012 WL 830097, at *4 (W.D. Va. Mar. 6, 2012) (Chapter 13 debtor lost standing regarding undisclosed asset); Cowling v. Rolls Royce Corp., Civ. No. 11-0719, 2012 WL 4762143, at *4-5 (S.D. Ind. Oct. 5, 2012) (dismissing civil lawsuit for lack of standing because plaintiff, whose claims arose after he filed for Chapter 13 protection, did not dispute the fact that he never disclosed the civil lawsuit in his Chapter 13 bankruptcy proceeding, and stating that debtors who disclosed pending lawsuits would have standing to pursue their lawsuits on behalf of the bankruptcy estate).

It is also worth noting that, were this matter to be dismissed on the basis of Defendants' standing argument, Plaintiffs could simply file a new lawsuit against Defendants and would have standing as the claim has now been disclosed to the bankruptcy court. Because the incident giving rise to this action occurred on May 30, 2016, Plaintiffs would have until May 30, 2018, to bring any such new action within the applicable statute of limitations. See 42 Pa. C.S.A. § 5524(2) (personal injury negligence actions subject to two-year statute of limitations). Thus, dismissing the present action would serve only to postpone the matter, increasing the cost to all parties and wasting judicial resources.[1] Additionally, the court notes that the Trustee in Plaintiffs' Chapter 13 bankruptcy proceeding has not thus far sought to intervene or otherwise assert legal standing in this lawsuit.

For all of the aforementioned reasons, Defendants have failed to demonstrate that the court made a clear error of law on the issue of standing.

### B. Void *ab initio*

Next, Defendants argue that the court lacks jurisdiction because Plaintiffs' lawsuit was void ab initio by operation of the automatic stay in the bankruptcy court. Doc. 32 at 6-7; Doc. 35 at 7-9. Plaintiffs first argue that the issue of whether the lawsuit was void ab initio was not raised by Defendants in their original motion for summary judgment, and that the issue is therefore waived in the context of this reconsideration motion. Doc. 33 at 10. While it is true that the issue is raised here for the first time, an action that is void ab

---

[1] While Defendants requested dismissal with prejudice in their initial motion, see Doc. 18-1 (proposed order), they did not offer any argument as to why the dismissal should be with, as opposed to without, prejudice.

7

initio means that it never properly existed and is without legal effect. Because the courts do not have jurisdiction over non-existent disputes -- and because questions of jurisdiction may be raised at any time -- I will proceed to consider the issue.

Filing a petition under any chapter of the Bankruptcy Code triggers imposition of an automatic stay by the bankruptcy court under section 362, which provides in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of –
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .
> . . . .
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

11 U.S.C. § 362(a)(1), (3). Bankruptcy courts consistently state that the purpose of the automatic stay provision is to afford the debtor a "breathing spell" by halting the collection process. See, e.g., In re Philadelphia Newspapers, LLC, 407 B.R. 606, 615 (E.D. Pa. 2009) (citation omitted). The automatic stay enables the debtor to attempt a repayment or reorganization plan with an aim toward satisfying existing debt. Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991). "While the scope of the automatic stay is broad, it stays action only against the 'debtor,' and does not extend to protect 'sureties, guarantors, co-obligors, or others with a similar factual nexus

8

to the . . . debtors.'" Philadelphia Newspapers, 407 B.R. at 616 (quoting Maritime Elec., 959 F.2d at 1205).

As an initial matter, Defendants' argument in this regard suffers from the same flaw as their standing argument, namely, that they have failed to cite a single on-point case. Defendants rely exclusively on cases which involve Chapter 7 and Chapter 11 bankruptcies, see Doc. 32 at 6-7, whereas Plaintiffs filed for bankruptcy under Chapter 13. And in the Chapter 13 context, actions found to be void ab initio by operation of the automatic stay are easily distinguishable on their facts from this case. See, e.g., In re Izzi, 196 B.R. 727, 729 (E.D. Pa. 1996) (absent relief from automatic stay, judicial actions and proceedings against debtor are void ab initio, even though debtor actively participates in such void actions or proceedings); In re Young, 193 B.R. 620, 629 (E.D. Pa. 1996) (denying defendant's sanctions motion for creditor's violation of automatic stay; "the stay is intended only to prohibit post[-]petition acts by creditors and thus acts as a freeze of the status quo" at the time of bankruptcy filing); Richard v. City of Chicago, 80 B.R. 451, 453 (N.D. Ill. 1987) (tax sale of Chapter 13 debtors' property in violation of automatic stay was void ab initio, regardless of whether creditor knew of bankruptcy petition).

Moreover, I note that in each of the cases that considered the question of standing where the plaintiff was also a debtor in a Chapter 13 proceeding, including all of those cited in the court's opinion denying summary judgment, the courts were not confronted with the question whether the cases were void ab initio, and obviously the cases proceeded and were not deemed to be legal nullities. Were it otherwise, logically one

9

would expect automatic bankruptcy stays to have rendered these and many more cases void ab initio. Instead, Defendants do not identify a single on-point case where a civil action for damages was declared void ab initio by operation of a Chapter 13 automatic stay.

Defendants invoke section 362(a)(3) to argue that the present lawsuit constitutes a wrongful attempt by Plaintiffs to control property of the bankruptcy estate, rendering the action void ab initio. Doc. 35 at 7-8. The court has previously found that the property of a Chapter 13 bankruptcy estate includes both existing and potential causes of action at the time the bankruptcy proceeding is commenced, as well as those which arise after the bankruptcy proceeding has commenced and before it has been "closed, dismissed, or converted," see Doc. 29 at 11 (citing 11 U.S.C. §§ 541, 1306), and that Plaintiffs' disclosure of this lawsuit to the bankruptcy court sufficed for purposes of standing. Id. 13. In the context of its discussion on whether to invoke the doctrine of judicial estoppel, the court also previously declined to make a finding of bad faith based on Plaintiffs' belated disclosure of this lawsuit to the bankruptcy court. Id. at 18-19. Therefore, to the extent Defendants seek to re-litigate those issues by invoking section 362(a)(3), the court declines to do so.

Lastly, as stated in the summary judgment memorandum, Plaintiffs' disclosure of this lawsuit to the bankruptcy court enables that court to take whatever action it sees fit. See Doc. 29 at 19. For example, were this action to somehow violate the bankruptcy court's automatic stay, the bankruptcy court conceivably could take action it deems appropriate as to the automatic stay. See In re Siciliano, 13 F.3d 748, 751 (3d Cir. 1994)

10

(bankruptcy court has authority to annul automatic stay); see also Eastern Refractories Co. v. Forty Eight Insulations, Inc., 157 F.3d 169, 171 (2d Cir. 1998) ("[B]ankruptcy courts have the . . . power to modify or condition an automatic stay so as to fashion the appropriate scope of relief.").

    An appropriate order follows.